Whitakek, Judge,
dissenting:
After the work on this contract had been in progress five or six months, the contracting officer stopped the work on the third floors of all of the four 3-story barracks. Plaintiffs sue for damages they say they suffered as a result of the delay they say was caused thereby.
It would not seem open to question that there was a delay. The contract required plaintiff to complete the work in eleven months and twenty-six days. Both parties thought the work should and could be completed in that time, for they agreed that, if it was not, stipulated damages of $400 a day would be assessed against plaintiffs. But such damages were not to be assessed if the delay in completion had been caused by a number of enumerated causes, including acts of the Government. So, when the contractors applied for an extension of time due to the stop order and the consequent curtailed work conditions, the contracting officer granted it.
Both sides thought plaintiffs should not be required to complete within the specified time because of the delay due to the stop order.
If it be admitted that there was a delay, then the question is, were the plaintiffs hurt by it. The evidence is conflicting on this point. Defendant says that during the delay some productive work could have been and was done. It says that the weather was bad and the men took a week off from Christmas during the stop order, and that this was the cause of at least some of the delay.
*373 Plaintiffs say that some productive work was done, but that most of the work was on nonessential things, just to keep the men busy, but their chief reliance is upon the interference with the orderly progress of the work. There can be no doubt that the latter seriously reduced the productivity of the labor force while the stop order was in effect. Where five buildings are to be constructed, a contractor plans to do his work in a certain sequence; for example, he erects his forms, and pours the concrete on the first building, and then moves on to the second while the concrete on the first is drying, and then on to the third and fourth, and then back to the first for pouring the second floor, and so on. Likewise, the carpenters do their work on the first to prepare for the electricians, plumbers, etc., and then move on to the next, and so on. The stop order must have seriously interfered with this orderly progress.
It would seem to follow necessarily that plaintiffs must have been damaged to some extent. They have shown what their costs were over an 18-day period. This possibly should be reduced by the week taken off during the Christmas holidays. But I cannot agree with a decision that allows plaintiffs no damages at all.